530 So.2d 424 (1988)
William E. PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-187.
District Court of Appeal of Florida, First District.
August 24, 1988.
William E. Peterson, pro se.
No appearance for appellee.

*425 ORDER IMPOSING SANCTION
PER CURIAM.
On July 12, 1988, this court issued the following order to show cause:
In Peterson v. Jason, 513 So.2d 1351 (Fla. 1st DCA 1987), this court reversed the trial court's decision to terminate parental visitation rights for appellant's failure to pay child support. Since the issuance of that opinion, Mr. Peterson has invoked the jurisdiction of this court 22 times, by filing either a notice of appeal or a petition for extraordinary writ. Six of those cases have been prematurely terminated for breaches of applicable rules or for lack of jurisdiction and in none of the other 16 has the appellant/petitioner presented an adequate case for relief, either by ensuring preparation and transmittal of a record and preparing of a brief or by filing a petition that complies with Rule 9.100(e), Florida Rules of Appellate Procedure, and which demonstrates a preliminary basis for relief. This is so despite the substantial resources of this court that have gone into reviewing Peterson's filings and responding where appropriate. In several appeals including the above captioned, when pressed by this court to file and serve a brief or suffer dismissal, appellant has filed a single page handwritten document which reads in its entirety, "Comes now William E. Peterson and counsel [sic] and say `read the record' [lower court case number]." These "briefs" have been accompanied by demands for jury trials in this court and appellant's filings have not been served on opposing counsel, despite frequent admonitions by this court to do so.
Based on the foregoing, this court finds that Mr. Peterson's pro se activities before this court have substantially interfered with the orderly process of judicial administration. See Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983); Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964). Accordingly, appellant shall show cause, within twenty days of date of this order and in writing, why he should not be prohibited from appearing before this court in propria persona as an appellant or a petitioner in this and other pending cases or as an appellant or a petitioner in any future case.
The court is now in receipt of Mr. Peterson's response, denominated a "Notice of Appeal." In it, he continues his harangue against his former wife, the trial court and this court. The response also demonstrates appellant's erroneous belief that this court is aware of the nature of proceedings in the lower court without performance of his obligations under the appellate rules to bring to our attention any alleged errors committed below and a record to support those allegations. Additionally, during the pendency of the show cause order, Peterson filed voluminous pleadings in various appeals and petitions he now has pending and none of those pleadings show that he is entitled to any relief. In short, there is irrefutable evidence before us that appellant has no understanding of the appellate process and, further, that he is unwilling or unable to acquire such knowledge. Instead, he is content to place a substantial burden on the resources of this court by his persistent filing of notices of appeal, petitions for extraordinary writ, and pleadings, all of which produce no meaningful result.
Therefore, in the exercise of our inherent power to prevent abuse of court procedure, it is ORDERED that William E. Peterson is prohibited from henceforth appearing in his own behalf in this court in this or other causes as an appellant or as a petitioner. This cause and others now pending before the court where William E. Peterson appears pro se as appellant or petitioner will be dismissed within 20 days unless Peterson shall have filed on his behalf a notice of appearance by a member in good standing of the Florida Bar.
MILLS, BOOTH and BARFIELD, JJ., concur.