## DAY *v.* DAY

No. 92–8788.   Decided October 12, 1993*

PER CURIAM.

*Pro se* petitioner Roy A. Day requests leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny this request pursuant to Rule 39.8.   Day is allowed until November 2, 1993, within which to pay the docketing fees required by Rule 38 and to submit his petitions in compliance with

*Together with No. 92–8792, *Day* v. *Bekiempis,* No. 92–8888, *Day* v. *Heinrich et al.,* No. 92–8905, *Day* v. *GAF Building Materials Corp.,* No. 92–8906, *Day* v. *Clinton et al.,* No. 92–9018, *Day* v. *Black et al.,* No. 92–9101, *Day* v. *Deason et al.,* and No. 93–5430, *Day* v. *Day,* also on motions for leave to proceed *in forma pauperis.*

1

this Court's Rule 33. We also direct the Clerk not to accept any further petitions for certiorari from Day in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.

Day is an abuser of this Court's certiorari process. We first invoked Rule 39.8 to deny Day *in forma pauperis* status last June. See *In re Day,* 509 U. S. 902 (1993). At that time he had filed 27 petitions in the past nine years. Although Day was granted *in forma pauperis* status to file these petitions, all were denied without recorded dissent. Since we first denied him *in forma pauperis* status last June, he has filed eight more petitions for certiorari with this Court—all of them demonstrably frivolous.

As we have recognized, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald,* 489 U. S. 180, 184 (1989) *(per curiam).* Consideration of Day's repetitious and frivolous petitions for certiorari does not promote this end.

We have entered orders similar to the present one on previous occasions to prevent *pro se* petitioners from filing repetitious and frivolous requests for certiorari, see *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1 (1992) *(per curiam),* and repetitious and frivolous requests for extraordinary relief. See *In re Sindram,* 498 U. S. 177 (1991) *(per curiam); In re McDonald, supra.*

Day's refusal to heed our earlier warning requires us to take this step. His abuse of the writ of certiorari has been in noncriminal cases, and so we limit our sanction accordingly. The order therefore will not prevent Day from petitioning to challenge criminal sanctions which might be imposed on him. But it will free this Court's limited resources to consider the claims of those petitioners who have not abused our certiorari process.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

Adhering to the views expressed in the dissenting opinions in *Brown* v. *Herald Co.*, 464 U. S. 928, 931 (1983), *In re McDonald*, 489 U. S. 180, 185 (1989), and *Wrenn* v. *Benson*, 490 U. S. 89, 92 (1989), I would deny these petitions for writs of certiorari without reaching the merits of the motions to proceed *in forma pauperis.* In the future, however, I shall not encumber the record by noting my dissent from similar orders denying leave to proceed *in forma pauperis*, absent exceptional circumstances.