George SASSOWER, Plaintiff–Appellant,

v.

FIDELITY & DEPOSIT CO. OF MARYLAND, West Publishing Company, Mead Data Central, Inc., Lawyers Cooperative Publishing Company, New York Law Journal Co., et al., Defendants–Appellees.

George SASSOWER, Plaintiff–Appellant,

v.

FIDELITY & DEPOSIT COMPANY OF MARYLAND, West Publishing Company, Mead Data Central, Inc., Lawyers Cooperative Publishing Company, New York Law Journal Co., Kreindler & Relkin, Citibank, N.A., et al., Defendants–Appellees.

George SASSOWER, Plaintiff–Appellant,

v.

Kendall COFFEY, United States Attorney, Defendant–Appellee.

In re George SASSOWER, Petitioner.

Nos. 94–4417, 94–5113, 94–5333 and 95–1061.

United States Court of Appeals, Eleventh Circuit.

March 30, 1995.

Gregory R. Veal, Bovis, Kyle & Burch, Atlanta, GA, for appellees in No. 94–5113.

Robyn J. Hermann, Miami, FL, for appellees in No. 94–5333.

George Sassower, pro se.

Kent Alexander, U.S. Atty. Atlanta, GA, for appellee in No. 95–1061.

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

BY THE COURT:

These appeals are before this court on Sassower's motion to proceed *in forma pauperis* in 94–4417 and 95–5113, his motion to stay the district court's judgment in 94–5333, and his motion to proceed *in forma pauperis* on his petition for writ of mandamus in 95–1061.

This court notes that in *Sassower v. Abrams*, 833 F.Supp. 253 (S.D.N.Y.1993) District Judge Leisure specifically enjoined Sassower from:

> ... filing any civil action in any federal district court which relates to or arises from (1) the Estate of Paul Kelly litigation, (2) Dennis F. Vilella, (3) the Puccini litigation, (4) claims objecting to sanctions for which ordinary review has been exhausted, or (5) claims against any state or federal judge officer or employee for actions taken in the court of their official duties exercised in connection with Sassower's previous litigation. Sassower is required to annex a copy of this Opinion and Order to any pleading filed in a civil action in any federal court. Failure to comply with the terms of this injunction may be considered by such federal court to be a sufficient defense to sustain a motion to dismiss such a lawsuit and may result in summary dismissal.

A careful review of the files in the above-captioned cases indicates that all four cases are of the type District Judge Leisure enjoined Sassower from filing.

Accordingly, and consistent with District Judge Leisure's injunction, this court, on its own motion, ORDERS that all of the above cases be DISMISSED. All pending motions in the above cases are DENIED AS MOOT.

Further, Sassower's pattern of filing frivolous appeals and abusive pleadings requires that this court take an additional step to free this court's limited resources to consider the claims of Appellants who have not abused this court's processes. It is ORDERED that Sassower not be permitted to file further civil appeals in this court unless he first either pays this court's filing fee, or obtains a certificate from the district court stating that each appeal Appellant wishes to bring is not frivolous and does not contravene the terms of the injunction entered by District Judge Leisure in *Sassower v. Abrams*, 833 F.Supp. 253 (S.D.N.Y.1993). *Compare Day v. Day*, — U.S. ——, ——, 114 S.Ct. 4, 5, 126 L.Ed.2d 1 (1993).