**In re ROY DAY LITIGATION.**

Nos. 95–230–CIV–T–23C–file, 95–300–CIV–T–23B, 95–1140–CIV–T–23B, 95–1152–CIV–T–23A, 95–1884–CIV–T–23E, 95–2023–CIV–T–23A.

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 15, 1995.

**1456**

Roy A. Day, Tarpon Springs, FL, pro se.

### ORDER

MERRYDAY, District Judge.

Since 1989, Roy Day ("Day") has instituted and pursued prolific and abusive litigation in the Middle District of Florida. Over the past several years, he has filed at least sixty-two actions in this District.[1] All of those cases have been dismissed except the six that are the subject of this Order. Day's numerous and baseless lawsuits, coupled with his oral and written attacks on litigants, court employees, and judges, constitute a sanctionable abuse of the judicial process.

In every case he files, Day seeks to proceed without paying the fees and costs ordinarily incident to the filing of a lawsuit—that is, he moves to proceed *in forma pauperis.* His complaints are lengthy, rambling, primarily nonsensical, and invariably frivolous. For this reason, most have been dismissed pursuant to 28 U.S.C. § 1915(d), which authorizes a district court to dismiss a case brought *in forma pauperis* if the Court finds that the plaintiff's complaint is "frivolous or malicious." Day's most recent requests to proceed *in forma pauperis* have been denied.

■ The six pending cases are noticeably similar, the claims are based on the same underlying incidents, and the allegations are mostly redundant.[2] In these actions, Day claims that Florida state and federal court judges, the Tarpon Springs Police Department, Pinellas County Jail officials, and others have conspired to have him arrested and convicted of an offense arising from an alleged property dispute between Day and his

---

**1.** *Day v. GAF Corp.,* 89–339; *Day v. GAF Building Materials,* 89–1555; *Day v. Heinrich, et al.,* 90–77; *Day v. Barkett, et al.,* 90–289; *Day v. Black, et al.,* 90–290; *Day v. Barkett,* et al., 90–1420; *Day v. Bekiempis,* 91–282; *Day v. Bekiempis,* 92–317; *Day v. Federal Employee Brand "X", et al.,* 92–939; *Day v. USA, et al.,* 92–940; *Day v. USA, et al.,* 92–963; *Day v. USA, et al.,* 92–1083; *Day v. USA, et al.,* 92–1084; *Day v. USA, et al.,* 92–1085; *Day v. Lindsey, et al.,* 92–1115; *Day v. USA, et al.,* 92–1116; *Day v. Allen,* 92–1117; *Day v. Antonini,* 92–1843; *Day v. Bergstrom, et al.,* 92–1844; *Day v. Bekiempis,* 92–53; *Day v. Andrews, et al.,* 93–143; *Day v. Smith, et al.,* 93–240; *Day v. USA, 93–300; Day v. USA, et al.,* 93–655; *Day v. USA, et al.,* 93–1095; *Day v. USA, et al.,* 93–1108; *Day v. USA,* 93–1866; *Day v. USA, et al.,* 93–1867; *Day v. USA, et al.,* 93–1868; *Day v. Andrews, et al.,* 93–1899; *Day v. Nakamura, et al.,* 93–1937; *Day v. USA, et al.,* 93–2138; *Day v. USA, et al.,* 94–74; *Day v. Allen, et al.,* 94–237; *Day v. Akè,* 94–238; *Day v. USA, et al.,* 94–259; *Day v. State of Florida,* 94–839; *Day v. Harlan,* 94–845; *Day v. Andrews,* 94–846; *Day v. State of Florida,* 94–1017; *Day v. Lindsey, et al.,* 94–1285; *Day v. State of Florida,* 94–2081; *Day v. State of Florida,* 95–76; *Day v. State of Florida,* 95–148; *Day v. State of Florida, et al.,* 95–184; *Day v. Wilber,* 95–230; *Day v. McCabe, et al.,* 95–290; *Day v. Quesada, et al.,* 95–291; *Day v. McCabe, et al.,* 95–298; *Day v. State of Florida,* 95–299; *Day v. Tarpon Springs Police Dept. et al.,* 95–300; *Day v. O'Rourke,* 95–356; and *Day v. Schmidt,* 95–375; *Day v. Singletary, et al.,* 95–1140; *Day v. State Court Judges, et al.,* 95–1152; *Day v. Singletary, et al.,* 95–1153; *Day v. Vinson, et al.,* 95–1278; *Day v. State Court Judges, et al.,* 95–1432; *Day v. State Court Judges, et al.,* 95–1433, *Day v. State Court Judges, et al.,* 95–1884; *Day v. Singletary, et al.,* 95–2023.

**2.** The following are cases currently pending before the Court:

*Day v. Wilber,* 95–230; *Day v. Tarpon Springs Police Dept., et al.,* 95–300; *Day v. Singletary,*

brother. According to Day, these public officials engaged in a systematic scheme of fraud, extortion, witness tampering, and other insidious practices calculated to violate Day's rights.

In cases numbered 95–230; 95–300; 95–1140; and 95–1152, Day has not effected service on any defendant within the time period provided by Rule 4 of the Federal Rules of Civil Procedure. Moreover, these actions, as well as Day's most recent cases (i.e., case number 95–1184 and case number 95–2023) are patently frivolous, brought for purposes of vexation, have no basis in law or fact, and arise largely from an urge to contumacy. Accordingly, all six cases are **DISMISSED WITH PREJUDICE.**

■ Day's abuse of the judicial system is illustrated by the papers filed with the Court and those delivered to chambers. Day launches caustic personal tirades against his perceived enemies, including judges of this Court, whom he disaffectedly describes by the acronym "SCDUILA[s]" ("sleazy, corrupt, dishonest, unethical, illegal, licensed attorney[s]"). *See, e.g.,* Case No. 95–230 (Doc. # 7).[3] Most of Day's filings express crude, racist, deranged, and delusional sentiments. He has verbally abused court employees in the Clerk's office and in the offices of individual judges. In addition to his insults, Day has openly threatened various members of this Court and their families, while attempting to justify the threats as either "speech" protected by the First Amendment or "copyrighted" statements. In Case No. 95–230 (Doc. # 7), Day elaborates his views as follows in a letter to Judge Merryday:

> YOU, AND YOUR FAMILY, CANNOT, AND WILL NOT, BE PERMITTED TO DENY ME, AND MY FAMILY, "MEANINGFUL ACCESS" TO THESE COURTS—JUSTICE WILL BE SERVED ON YOUR FAMILY, JUST AS YOU HAVE DONE TO MY FAMILY,

> SINCE THE ISSUES INVOLVE "CRIMINAL MATTERS". (Surely you understand "family value issues" as a republican—of course, in this era, there is no difference between worthless, corrupt and useless democrats and republicans—they both have to be destroyed at all cost, when in fact, the aforesaid two parties are now nothing more than a pawn of "illegal licensed attorneys", and not "we the people".)

> Very truly yours,

> /s/

> Roy A. Day

> RAD/rr

> P.S. We have to now state that the aforesaid is not a threat, since we are dealing with corrupt, illegal licensed attorney—federal judge, and a corrupt, worthless federal employee who is robbing and raping the United States taxpayers for a federal paycheck. The aforesaid is: "copyright" "C" 1991 Roy A. Day—The Legal Book. This document may not be reproduced in whole or in part, by mimeograph or any other means, without permission. This includes each and all corrupt, illegal licensed attorneys, federal employees who are ROBBING AND RAPING the United States Taxpayers, including but not limited to, worthless, corrupt, useless [steven "X" Merryday].

His invective has prompted three judges to recuse themselves from presiding over his cases. The following examples of Day's threats are representative of his misuse of his "access to the courts:"

Day has referred to at least one judge of this Court as an "ALCOHOLIC AND DRUG ADDICT," and has gratuitously insulted a family member, stating that "the record should reflect that Judge [Merryday's] broth-

---

et al., 95–1140; *Day v. State Court Judges, et al.,* 95–1152, *Day v. State Court Judges, et al.,* 95–1884, *Day v. Singletary,* 95–2023.

3. All emphasis indicated in quotations from Day's papers is contained in the originals. No further emphasis is necessary.

er is a "SCDUILA" practicing in "real estate law"—criminals and fraud run in the family...." *See, e.g.,* Case No. 95–1152 (Doc. # 4).

In a letter to Judge Henry L. Adams, Jr., filed in Case Number 94–845–CIV–T–25A, Day cautions the Court that:

> Just remember, "Rosewood" is alive and well! A nigger is a nigger is a nigger is a nigger, you and [Hatchett] have proven that time and time again! However, let me make one very clear point again: We want these NIGGER LOVER WHITE FEDERAL JUDGES AND THEIR FAMILIES ...

Day threatened another judge of this Court and his family in a letter filed in Case Number 94–839–CIV–T–25A:

> Castagna thinks that after stabbing me and my family in the back, Castagna's family can walk away free—Castagna is dreaming.... You do understand that when you stab white men in the back, you will pay a BIG PRICE, nigger boy.

Day followed that correspondence with a similar expression of his sentiments, noting that:

> Worthless, corrupt, useless, quota, civil rights, tokenism, UNCLE TOM NIGGER [adams] and his SAMBO, NIGGER BABY FAMILY, will pay for Plaintiff being forced and coerced to borrow monies to pay this filing fee....

Case No. 94–839–CIV–T–25A.

Day continues to threaten this Court, as evidenced by his recent response to a Court order denying his motion to proceed *in forma pauperis* and directing him to pay the requisite civil filing fee:

> Accordingly, pursuant to the Constitution of the United States, which gives the citizens two options ... the only other alternative is the right to keep and bear arms, and to let justice be served. YOU AND YOUR FAMILY, WILL NOT BE PERMITTED TO DENY ME "MEANINGFUL ACCESS" TO THE COURTS ...

JUSTICE WILL BE SERVED ON YOUR FAMILY....

Case Nos. 95–230; 95–300 (Docs. # 7; # 8).

In seeking to disqualify all judges from the Middle District of Florida, Day elaborated his bizarre and fantastic conspiracy theory, alleging that:

> Recently, [various judges were] approached by other federal judges to see if [they] wanted to join the "thinly disguised private corporation" in the Tampa Division, ... [they] accepted entry into the aforesaid "GROUP." Further ... [the judges] stated that [they] considered citizen-attorneys ("Pro se") litigants to be "NON–CITIZENS" with "NO RIGHTS" in the United States courts ... Further, ... [the judges] stated that [they] would "obstruct justice"....

Case Nos. 95–1140; 95–1152 (Docs. # 3; # 4).

Day even has claimed that he intends to "file criminal charges of 'obstruction of justice' with the F.B.I. against Judge [Merryday] ..." for his participation in this "secret and clandestine" scheme. Case No. 95–1140 (Doc. # 3).

Day's contumacious conduct is not limited to this Court. For example, the United States Supreme Court explained that:

> Day is an abuser of this Court's certiorari process. We first invoked Rule 39.8 to deny Day in forma pauperis status last June. A that time he had filed 27 petitions in the past nine years.... Since we first denied him in forma pauperis status ..., he has filed eight more petitions for certiorari with this Court—all of them demonstrably frivolous.

*Roy A. Day v. Donald P. Day, et al.,* 510 U.S. 1, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993).

The United States Circuit Court of Appeals for the Eleventh Circuit has similarly admonished Day:

> This Court has been made aware that [Day] has sent a number of letters ...

containing offensive, racist and threatening language.... In another letter, [Mr. Day] has threatened the life of a deputy clerk and her family. This kind of outrageous, antisocial behavior will not be tolerated from any litigant in this Court.

*Day,* Case Numbers 94–2500; 93–3540; 93–3533.

Other courts have imprisoned Day for his contemptuous behavior. *See,* Case No. 86–110–MISC, in the United States District Court for the Southern District of Texas.

 These examples evidence a clearly sufficient basis for severely restraining Day's further access to this Court. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir.1986). The district courts have "considerable discretion in restricting the filings" of a litigator such as Day. *Traylor v. City of Atlanta,* 805 F.2d 1420 (11th Cir. 1986), *cert. denied,* 479 U.S. 1095, 107 S.Ct. 1313, 94 L.Ed.2d 167 (1987). *See, also, Copeland v. Green,* 949 F.2d 390 (11th Cir.1991) (prescreening of repeat litigant's papers prior to filing permissible); *Cofield v. Ala. Public Service Com'n,* 936 F.2d 512 (11th Cir. 1991) (prescreening permissible). Day's abuse warrants remedial measures to prevent his further use of this Court as a means of harassing his perceived enemies. The United States of America and its executive and judicial branches simply cannot and will not entertain further the excesses of Roy Day at public expense.

Accordingly, I recommend to Chief Judge John H. Moore, II, the entry of an omnibus order providing that no future actions brought by Day should be initially received for filing by the Court's Clerk. Rather, they first should be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge should determine whether the complaint has arguable merit. This preliminary review should include a hearing if necessary to determine whether the action is frivolous or abusive. If the action is arguably meritorious, the Magistrate should direct the Clerk of Court to file the complaint. Any further action required by a district judge should be taken by Chief Judge Moore until December 31, 1995. After that date, the Chief Judge will be Judge Kovachevich. Because she has recused herself from Day's cases, any further district judge action required in Day's cases should be handled by the district judge next senior in commission to the then-presiding Chief Judge.

Rule 11, Federal Rules of Civil Procedure, permits the Court to enter monetary or other sanctions against a party for filing or pursuing frivolous actions. Frivolous actions include both those brought for an improper purpose, such as vexation, and those without basis in either law or fact. In the event a Magistrate's preliminary review results in a finding that Day's action is frivolous, that action will not be filed with the Court but instead will be returned to Day. Upon such a finding, Day will be subject to sanction in an amount not less than $1,000.00 per case. Of course, any money judgment arising from those sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against Day to procure the seizure and sale of his personal assets to satisfy the judgment.[4]

4. In sum, nothing in the recommended Order would prevent Day from filing meritorious actions with this Court. However, further frivolous actions would be treated punitively, including

---

possible incarceration. (Day should also be made aware of Rule 35(a), Federal Rules of Civil Procedure.)