713 So.2d 1016 (1998)
Roy A. DAY, Appellant,
v.
Thomas W. VINSON, et al., Appellees.
No. 98-00609.
District Court of Appeal of Florida, Second District.
April 24, 1998.
Rehearing Denied June 15, 1998.

EN BANC
PER CURIAM.
This appeal, brought by Roy Day, pro se, is hereby dismissed for failure to comply with this court's order of February 18, 1998. However, because of this litigant's cumulative history of prolific filings, which we find to be a frivolous and abusive misuse of the judicial process, we write this opinion.
Our dockets show a total of at least twenty appeals and petitions for original writs filed by appellant in this court. In addition, appellant has recently filed numerous other notices of appeal with the clerk of the trial court which have not yet been docketed in this court, pending this opinion. All of the appeals and petitions previously filed in this court were either affirmed, denied or dismissed.
In this appeal, appellant had contended he was insolvent but did not appear at the solvency hearing scheduled by the trial court, although the trial court found that he admitted receiving notice of the hearing. This court then gave appellant an extension of time to pay the filing fee and warned that the appeal would be dismissed if he did not do so. He has failed to pay the fee and the time has long since expired.
We note that the United States Supreme Court has issued an opinion finding that Roy A. Day abused its judicial process and, consequently, limited his access to that court. See Day v. Day, 510 U.S. 1, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993). Quoting from an earlier case, the United States Supreme Court in Day stated:
As we have recognized, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989) (per curiam). Consideration of Day's repetitious and frivolous petitions for certiorari does not promote this end.
510 U.S. at 2, 114 S.Ct. 4.
We independently find that appellant has abused the process of this court. See also Attwood v. Singletary, 659 So.2d 1127 (Fla. 2d DCA 1995); Peterson v. State, 530 So.2d 424 (Fla. 1st DCA 1988).
Accordingly, we direct the clerk of this court to reject for filing all petitions for extraordinary relief sent by or on behalf of *1017 Mr. Day not yet docketed by this court, unless submitted and signed by a member in good standing of The Florida Bar. Any such papers filed in violation of this order will be automatically placed in an inactive file. Roy Day's notices of appeal that have been received by this court but not yet docketed will be stricken by separate orders of this court. Future notices of appeal filed in trial court clerks' offices not complying with this decision will not be docketed by the clerk of this court, and will be summarily stricken.
This order shall not apply to any appeal filed by Mr. Day that directly concerns a judgment and sentence in a criminal case.
Appeal dismissed.
PARKER, C.J., and DANAHY, CAMPBELL, FRANK, THREADGILL, PATTERSON, ALTENBERND, BLUE, FULMER, QUINCE, WHATLEY, NORTHCUTT, GREEN and CASANUEVA, JJ., concur.