790 So.2d 1212 (2001)
Roy A. DAY, Appellant,
v.
DEPARTMENT OF HEALTH, Board of Chiropractic, Appellee.
No. 1D01-664.
District Court of Appeal of Florida, First District.
June 21, 2001.
Roy A. Day, pro se, appellant.
Simone Marstiller, Chief Appellate Attorney, and Pamela H. Page, Senior Attorney-Appeals, Agency for Health Care Administration, Tallahassee, for appellee.

ORDER
PER CURIAM.
In the fall of 2000, the Department of Health, Board of Chiropractic, filed an administrative complaint against Roy A. Day. Although no final order has yet issued in the proceeding, Day has subsequently initiated nine cases in this court. Some of these seek review of interlocutory orders in the administrative proceeding and others are appeals from circuit court orders where his claims against persons involved *1213 in the administrative case were found to be without merit. These cases have been characterized by extensive motions and other filings in which Day viciously attacks the integrity and motives of the executive branch of government, the lower tribunals, this court, the trial bench and the bar. These filings persisted despite a warning from this court that their continuance would result in the imposition of sanctions. Ultimately, an order was issued directing Day to show cause why he should not be prohibited from appearing before this court unless represented by counsel. In his response (wherein he refers to the Board of Chiropractic as the "Board of Con Artists and Quacks"), Day complains that the show cause order indicates "this court is seeking a fraudulent excuse to `illegally' dismiss appellant's appeal to conceal and cover-up the fraudulent affidavits of the government-employees.... It is self-evident the `real motive' of the [show cause] order is deny [sic] appellant meaningful access to this `licensed attorney court of law' and to `railroad' appellant with a fraudulent charge at the Department of Health...."
Ours is not the first court to prohibit Day from appearing pro se. See Day v. Day, 510 U.S. 1, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993); Day v. Vinson, 713 So.2d 1016 (Fla. 2d DCA 1998). We conclude that Day's activities have substantially interfered with the orderly process of judicial administration and it is appropriate that he should be prohibited from appearing before this court in proper person as appellant or petitioner in this or any other case. See Jackson v. Florida Department of Corrections, 790 So.2d 398 (Fla.2001); Attwood v. Eighth Circuit Court, Union County, 667 So.2d 356 (Fla. 1st DCA 1995); Peterson v. State, 530 So.2d 424 (Fla. 1st DCA 1988). Roy A. Day shall have 20 days from date of this order to ensure the filing of a notice of appearance in this and all other active cases in which he is appellant or petitioner by a member in good standing of the Florida Bar, failing which the cases will be dismissed. Additionally, the clerk of this court is directed to refuse any document submitted for filing on behalf of Mr. Day as appellant or petitioner unless signed by a member of the Florida Bar, effective upon issuance of this published order.
BARFIELD, C.J., KAHN and PADOVANO, JJ., concur.