PER CURIAM.
 

 In this mandamus proceeding, Warren Massey seeks an order of this court which would compel the Circuit Court for Duval County to rule on his pending motion for postconviction relief. In response, the State of Florida demonstrated that the motion was denied and mandamus was previously denied as moot. It has come to this court’s attention that Massey has been an extremely active litigator in this court whose cases have required substantial expenditure of staff resources without any meaningful result. An order issued which directed Massey’s attention to the fact that his 37 cases filed since 2004 have yielded no relief to him and asked him to show cause why he should not be barred from appearing hereafter in proper person before this court. We have considered the response of petitioner to the order to show cause but he has failed to demonstrate why the proposed sanction should not be imposed.
 
 See Lee v. Fla. Dep’t of Corr.,
 
 873 So.2d 489 (Fla. 1st DCA 2004);
 
 Martin v. State,
 
 833 So.2d 756 (Fla.2002);
 
 Attwood v. Eighth Circuit Court, Union County,
 
 667 So.2d 356 (Fla. 1st DCA 1995);
 
 Peterson v. State,
 
 530 So.2d 424 (Fla. 1st DCA 1988). It is therefore ordered that Warren Massey shall secure the filing of a notice of appearance by a member in good standing of The Florida Bar in any active case now pending before this court in which he appears as appellant or petitioner within 10 days of the date of this order, failing which such cases shall be dismissed. Further, the clerk of this court is directed to accept no further pro se filings from Massey; if received, they shall be returned to him without filing and with a reference to this order.
 

 IT IS SO ORDERED.
 

 BENTON, VAN NORTWICK, and HAWKES, JJ., concur.