GLD-297, 298, 299, 300 and 301           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2123
_____

ROY A. DAY,
Appellant

v.

DETECTIVE DANIEL TONER; DONNA H. NEWTON; PASCO COUNTY
SHERIFF'S DEPARTMENT
_____

No. 13-2124
_____

ROY A. DAY,
Appellant

v.

DEBRA ROBERTS; CHRIS SPROWLS; LYNDA BARACK;
SABRINA FARIDES; ELAINE HORNE; LAURIE NOURSE;
STANLEY R. MILLS; ELIZABETH KOVACHEVICH;
SUSAN H. BLACK; J.L. EDMONDSON

_____

No. 13-2125
_____

ROY A. DAY,
Appellant

v.

DANIEL DISKEY; BRIAN AUNGST, JR.; MARY FLANERTY

_____

No. 13-2126
_____

ROY A. DAY,
Appellant

v.

WAL-MART STORES INC.; JAMES SCHRODER
_____

No. 13-2127
_____

ROY A. DAY,
Appellant

v.

SHERIFF BOB WHITE; PASCO COUNTY SHERIFF'S DEPARTMENT; MAJOR
BRIAN HEAD
_____
On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Nos. 1:12-cv-01715; 1:12-cv-01716; 1:12-cv-01717;
1:12-cv-01718; 1:12-cv-01719)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed:  July 9, 2013)
_____

OPINION
_____

2

PER CURIAM

Pro se Appellant Roy A. Day appeals the District Court's order dismissing his complaints as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons set forth below, will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we will recite only the facts necessary for our discussion. Day has a history of vexatious and abusive litigation. See In re Roy Day Litigation, 976 F.Supp. 1455 (M.D. Fla. 1995). By 1995, he had filed over sixty lawsuits. Id. at 1456. Accordingly, the District Court ordered that all actions filed by Day be screened by a Magistrate Judge to determine whether the filing was frivolous. If the Magistrate Judge concluded that they were frivolous, Day would be subject to a sanction of not less than $1,000 per case. See In re Roy Day Litig., 976 F. Supp. 1460 (M.D. Fla. 1995).[1] Thereafter, a $4,000 sanction was imposed against Day for four frivolous filings. See In re Roy Day Litigation, No. 95-143, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011). Undeterred, Day continued to submit complaints, resulting in an order directing the Clerk of Court to not accept any further filings by Day until he satisfied the monetary sanctions. Id. Despite this order, in 2011, Day attempted to file five civil complaints in the Middle District of Florida arising from his 2009 conviction

---

[1] The United States Supreme Court and the District Court of Appeal of Florida, Second District, have also concluded that Day is a vexatious litigant. See Day v. Day, 510 U.S. 1 (1993); Day v. Vinson, 713 So.2d 1016 (Fla. Dist. Ct. App. 1998).

for criminal misdemeanor stalking.  Id. at *2.[2]  Four of these five complaints were found

to be frivolous.  Id. at **2-4.[3]

In an apparent attempt to avoid the Florida sanctions, Day filed the same five

complaints he tried to file in the Middle District of Florida in the United States District

Court for the District of Delaware, which dismissed sua sponte his complaints as

frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[4]  The District Court

also ordered Day to show cause why he should not be enjoined from filing any lawsuits

related to his 2009 conviction for criminal misdemeanor stalking in the United States

District Court for the District of Delaware.[5]  This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 129.  We review a district court's

decision to dismiss a complaint as frivolous or malicious for abuse of discretion.  See

Denton v. Hernandez, 504 U.S. 25, 33 (1992). We may summarily affirm if the appeal

---

[2] A co-worker at Wal-Mart accused Day of stalking her, after which he was terminated, and as a result of the conviction, he was sentenced to 300 days in the Pasco County Detention Center.  See In Re Roy Day Litigation, 2011 WL 5500207,  at * 2.
[3] While the Court concluded that the fifth complaint contained potentially non-frivolous allegations and, thus, was amendable to amendment, it held that Day could not file an amended complaint due to the outstanding unpaid sanctions.  See In Re Roy Day Litigation, 2011 WL 5500207, at * 4.
[4] Day also filed two additional complaints in the United States District Court for the District of Delaware arising from his 2009 conviction for criminal misdemeanor stalking. See Day v. Ibison, Civ. No. 12-1566-LPS and Day v. State of Florida, Civ. No. 12-1567-LPS.  Their appeals are pending in this Court.  See C.A. No. 13-2122 and C.A. No. 13-2123.

does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

The District Court dismissed four of the five complaints on the basis of maliciousness because they are identical to the lawsuits the United States District Court for the Middle District of Florida found to be frivolous.[6] See In re Roy Day, 2011 WL 550207, at ** 2-4. Because a complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims, see Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Pittman v. Moore, 980 F.2d 994, (5th Cir. 1993), we agree with the District Court that the complaints were properly dismissed in this instance.

Regarding the fifth case, Civ. No. 1719-LPS, we agree with the District Court that the claims are time-barred. Day brought claims against Sheriff Bob White, Pasco County's Sheriff's Department, and Major Brian Head, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, challenging the conditions of confinement while he was detained at the Pasco County Detention Center in Land O'Lakes Florida, from October 9, 2009 through

---

[5] To date, Day has not filed any pleadings in the United States District Court for the District of Delaware in response to this order, and the District Court has not issued an injunction foreclosing Day from filing any lawsuits in its court.

[6] The four cases are Civ. Nos. 12-1715-LPS, 12-1716-LPS, 12-1717-LPS, and 12-1718-LPS.

August 6, 2010.[7] Day filed the complaint in the United States District Court for the District of Delaware on December 17, 2012. A complaint pursuant to § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). In Delaware, § 1983 claims are subject to Delaware's two-year statute of limitations on personal injury actions. Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996); see also Del. Code Ann. tit. 10, § 8119. Therefore, because Day filed his complaint over two years after he was released from the Pasco County Detention Center, his complaint was properly dismissed and we find no basis in the record to invoke the doctrine of equitable tolling.

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.[8] Appellant's outstanding motions are denied.

---

[7] This is the complaint about which the United States District Court for Middle District of Florida concluded that it was "not prepared to say that [it] lacks non-frivolous allegations." In Re Roy Day Litigation, 2011 WL 5500207, at * 4.

[8] We agree with the District Court that amendment to Day's complaints would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).