CLD-305                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2121
_____

ROY A. DAY,
                              Appellant

v.

STEVE E. IBISON, Special Agent-In-Charge,
(Federal Bureau of Investigation)
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:12-cv-01566)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before: RENDELL, JORDAN and SHWARTZ , Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Roy A. Day appeals the District Court's order dismissing his

complaints as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii).  For the reasons set forth below, will

summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Because we primarily write for the parties, we will recite only the facts necessary for our discussion. Day has a history of vexatious and abusive litigation. See In re Roy Day Litigation, 976 F.Supp. 1455 (M.D. Fla. 1995). By 1995, he had filed over sixty lawsuits. Id. at 1456. Accordingly, the District Court ordered that all actions filed by Day be screened by a Magistrate Judge to determine whether the filing was frivolous. If the Magistrate Judge concluded that they were frivolous, Day would be subject to a sanction of not less than $1,000 per case. See In re Roy Day Litig., 976 F. Supp. 1460 (M.D. Fla. 1995).[1] Thereafter, a $4,000 sanction was imposed against Day for four frivolous filings. See In re Roy Day Litigation, No. 95-143, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011). Undeterred, Day continued to submit complaints, resulting in an order directing the Clerk of Court to not accept any further filings by Day until he satisfied the monetary sanctions. Id. Despite this order, in 2011, Day attempted to file five civil complaints in the Middle District of Florida arising from his 2009 conviction for criminal misdemeanor stalking. Id. at *2.[2] Four of these five complaints were found to be frivolous. Id. at **2-4.[3]

_____

[1] The United States Supreme Court and the District Court of Appeal of Florida, Second District, have also concluded that Day is a vexatious litigant. See Day v. Day, 510 U.S. 1 (1993); Day v. Vinson, 713 So.2d 1016 (Fla. Dist. Ct. App. 1998).
[2] A co-worker at Wal-Mart accused Day of stalking her, after which he was terminated, and as a result of the conviction, he was sentenced to 300 days in the Pasco County Detention Center. See In Re Roy Day Litigation, 2011 WL 5500207, at * 2.
[3] While the Court concluded that the fifth complaint contained potentially non-frivolous allegations and, thus, was amendable to amendment, it held that Day could not file an amended complaint due to the outstanding unpaid sanctions. See In Re Roy Day Litigation, 2011 WL 5500207, at * 4.

2

In an apparent attempt to avoid the Florida sanctions, Day filed seven lawsuits in the District of Delaware, including the case underlying the present appeal, all related to his 2009 criminal misdemeanor case.[4] The allegations of Day's complaint at issue in this appeal are difficult to discern, but the gist of his complaint seems to be that F.B.I. agent Steve B. Ibison, special agent-in-charge of the Tampa Florida, F.B.I. office, failed to conduct an investigation or contact him following his December 2010 letter to the F.B.I. seeking an investigation for alleged false imprisonment at the Pasco County Detention Center and alleged criminal conduct by various officials. Day brought claims for violations of his constitutional rights under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985. The District Court, sua sponte, dismissed his complaint for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah, 229 F.3d at 223. To

---

[4] See Day v. State of Florida, Civ. No. 12-1567-LPS; Day v. Toner, et al., Civ. No. 12-1715-LPS; Day v. Roberts, et al., Civ. No. 12-1716-LPS; Day v. Diskey, et al., Civ. No. 12-1717-LPS; Day v. Wal-Mart Stores, Inc., et al., Civ. No. 12-1718-LPS; Day v. White, et al., Civ. No. 12-1719-LPS. Each of these cases was dismissed by the District Court. Their appeals are pending in this Court. See C.A. No. 13-2122; C.A. No. 13-2123; C.A. No. 13-2124; C.A. No. 13-2125; C.A. No. 13-2126; C.A. No. 13-2127.

survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We look for "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a claim for relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556. We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court dismissed Day's § 1983 claims solely on the basis that Ibison is not a state actor, and, therefore, the claims against him are not cognizable. However, given our obligation to construe a pro se litigant's pleadings liberally, see, e.g., Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), we will construe Day's complaint against Ibison as brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Walker v. Schult, 12-1806-CV, 2013 WL 2249159, *9 n.5 (2d Cir. May 23, 2013) ("Although Walker used the forms associated with civil actions under 42 U.S.C. § 1983 to file his complaint, the district court properly construed his claims—asserted against federal officials—pursuant to [Bivens]."). "A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Here, Day

4

claims that due to Ibison's "illegal conduct of pushing [his] FBI complaint under the rug," he has been denied due process and equal protection of law in violation of his Fifth Amendment Rights, and he has been subject to cruel and unusual punishment, in violation of his Eighth Amendment rights. Even affording Day the liberal construction we must give to pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), his complaint does not state a plausible claim for relief.

To establish a claim under the Fifth Amendment Due Process Clause, a litigant must show that the government deprived him of a liberty or property interest without providing notice and a meaningful opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it.") (internal citations omitted). While Day claims that Ibison has not responded to his complaints, this does not amount to a violation of due process under the Fifth Amendment.

Day has also failed to plead an equal protection claim under the Fifth Amendment. Though the Fifth Amendment lacks an Equal Protection Clause, it contains "an equal protection guarantee" through its Due Process Clause and prohibits the United States from wrongfully discriminating between individuals or groups. Abdul–Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir.2001). Equal protection claims brought under the Fifth Amendment are analyzed in the same manner as those brought under the Fourteenth Amendment. Id. at 317. In his complaint, Day did not allege sufficient facts to state a Fifth Amendment equal protection claim because he has not alleged that that he was

5

treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus. See, e.g., Equity In Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011).

Regarding Day's Eighth Amendment claim, Day's claim against Ibison is that he ignored his complaint, not that he deprived him of the "minimal civilized measure of life's necessities" while he was incarcerated. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The allegations do not constitute a "short and plain statement of the claim showing that [Day] is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Using common sense, we conclude that Day's complaint does not state a plausible claim for relief. See Iqbal, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" (citation omitted)). Accordingly, the District Court properly dismissed Day's complaint for failure to state a claim.

Finally, we agree that Day failed to state a claim under 42 U.S.C. § 1985, as he did not allege that Ibison entered into a conspiracy motivated by "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Farber v. City of Paterson,

440 F.3d 131, 135 (3d Cir. 2006) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)) (emphasis omitted).[5]

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[5] We are satisfied that amendment to Day's complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).