CLD-306                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2122
_____

ROY A. DAY,
                                Appellant

v.

STATE OF FLORIDA
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:12-cv-01567)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se Appellant Roy A. Day appeals the District Court's order dismissing his

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the Defendant is immune

from suit.  For the reasons set forth below, we will summarily affirm the District Court's

judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we will recite only the facts necessary for our discussion. Day has a history of vexatious and abusive litigation. See In re Roy Day Litigation, 976 F.Supp. 1455 (M.D. Fla. 1995). By 1995, he had filed over sixty lawsuits. Id. at 1456. Accordingly, the District Court ordered that all actions filed by Day be screened by a Magistrate Judge to determine whether the filing was frivolous. If the Magistrate Judge concluded that they were frivolous, Day would be subject to a sanction of not less than $1,000 per case. See In re Roy Day Litig., 976 F. Supp. 1460 (M.D. Fla. 1995).[1] Thereafter, a $4,000 sanction was imposed against Day for four frivolous filings. See In re Roy Day Litigation, No. 95-143, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011). Undeterred, Day continued to submit complaints, resulting in an order directing the Clerk of Court to not accept any further filings by Day until he satisfied the monetary sanctions. Id. Despite this order, in 2011, Day attempted to file five civil complaints in the Middle District of Florida arising from his 2009 conviction for criminal misdemeanor stalking. Id. at *2.[2] Four of these five complaints were found to be frivolous. Id. at **2-4.[3]

---

[1] The United States Supreme Court and the District Court of Appeal of Florida, Second District, have also concluded that Day is a vexatious litigant. See Day v. Day, 510 U.S. 1 (1993); Day v. Vinson, 713 So.2d 1016 (Fla. Dist. Ct. App. 1998).
[2] A co-worker at Wal-Mart accused Day of stalking her, after which he was terminated, and as a result of the conviction, he was sentenced to 300 days in the Pasco County Detention Center. See In Re Roy Day Litigation, 2011 WL 5500207, at * 2.
[3] While the Court concluded that the fifth complaint contained potentially non-frivolous allegations and, thus, was amendable to amendment, it held that Day could not file an amended complaint due to the outstanding unpaid sanctions. See In Re Roy Day Litigation, 2011 WL 5500207, at * 4.

In an apparent attempt to avoid the Florida sanctions, Day filed seven lawsuits in the District of Delaware, including the case underlying the present appeal, all related to his 2009 criminal misdemeanor case.[4] The sole defendant named in Day's complaint at issue in this appeal is the State of Florida. Day alleges that he was denied meaningful access to the Florida Courts, and he describes the case as a criminal appeal. The District Court, sua sponte, dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), which permits dismissals when an action or appeal "seeks monetary relief against a defendant who is immune from relief." This appeal followed.

We conclude that the District Court properly determined that sovereign immunity shielded the State of Florida from suit.[5] Pursuant to the Eleventh Amendment of the United States Constitution, Florida is immune from suits brought in federal court unless Florida consents to suit or the United States Congress properly abrogates immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). In this case, Florida did not consent to suit nor did Congress abrogate its sovereign immunity. See id. at 99. See also Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) ("Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages."). Thus, no substantial question is presented and we will affirm the

---

[4] See Day v. Ibison, Civ. No. 12-1566-LPS; Day v. Toner, et al., Civ. No. 12-1715-LPS; Day v. Roberts, et al., Civ. No. 12-1716-LPS; Day v. Diskey, et al., Civ. No. 12-1717-LPS; Day v. Wal-Mart Stores, Inc., et al., Civ. No. 12-1718-LPS; Day v. White, et al., Civ. No. 12-1719-LPS. Each of these cases was dismissed by the District Court. Their appeals are pending in this Court. See C.A. No. 13-2121; C.A. No. 13-2123; C.A. No. 13-2124; C.A. No. 13-2125; C.A. No. 13-2126; C.A. No. 13-2127.

[5] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we apply de novo review to the legal determinations made by the District Court. See Armann v. McKean, 549 F.3d 279, 285 n.7 (3d Cir. 2008).

judgment of the District Court. <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.[6] Appellant's outstanding motions are denied.

---

[6] We are satisfied that amendment to Day's complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).