**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4213**

---

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

STEPHANIE DIANNA ELLIOTT, a/k/a Stephanie Wilson, a/k/a Stephanie Moore, a/k/a Stephanie Russell, a/k/a Stephanie Hanchett, a/k/a Vicki Marsh, a/k/a Monica Allen, a/k/a Melissa Standford, a/k/a Jennifer Taylor, a/k/a Heidi Litchford, a/k/a Sandy Morehead, a/k/a Randy Morehead, a/k/a Katie Jones, a/k/a Sharon Mitchell, a/k/a Sara James, a/k/a Janet Harrington,

         Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00142-D-1)

---

Submitted:  May 31, 2024                                     Decided:  July 9, 2024

---

Before WYNN and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Dismissed in part, affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Joseph B. Gilbert, TARLTON LAW FIRM, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie Dianna Elliott pled guilty to wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1957. The district court sentenced Elliott to 108 months' imprisonment. On appeal, Elliott argues that the sentence is substantively unreasonable and that the sentencing judge should have recused himself pursuant to 28 U.S.C. § 455(a), (b)(1). The Government has moved to dismiss Elliott's appeal as barred by the appeal waiver in the plea agreement. We ordered the parties to file supplemental briefs addressing whether an appeal waiver can bar a claim of judicial bias under 28 U.S.C. § 455(b)(1). Having reviewed the record and the parties' submissions, we dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Elliott does not directly contest the validity of the appeal waiver, and the record confirms that she knowingly and intelligently waived her right to appeal. Moreover, her challenges to her sentence and the district court judge's partiality under 28

2

U.S.C. § 455(a) fall squarely within the scope of the appeal waiver.  We therefore grant the Government's motion to dismiss in part as to these issues.

Turning to Elliott's remaining claim of judicial bias under 28 U.S.C. § 455(b)(1), because she did not move for the judge's recusal in the district court, our review is for plain error.[1]  *United States v. Beltran-Leon*, 9 F.4th 485, 499 (7th Cir. 2021) (reviewing for plain error recusal claim raised for the first time on appeal).  To establish plain error, a defendant must show "that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights."  *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (cleaned up).

Under 28 U.S.C. § 455(b)(1), a judge must recuse himself if "he has a personal bias or prejudice concerning a party."[2]  The relevant "bias or prejudice must, as a general matter, stem from a source outside the judicial proceeding at hand."  *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (internal quotation marks omitted).  "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" *id.* at 573 (quoting *Liteky v. United States*, 510 U.S.

---

[1] Following our supplemental briefing order, the Government filed a brief in which it expressly declines to assert that Elliott's appeal waiver bars her claim of judicial bias under § 455(b)(1).  In other words, the Government does not seek to enforce Elliott's appeal waiver as to her § 455(b)(1) claim, and we will not sua sponte enforce an appeal waiver. *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017).  Accordingly, we address the merits of Elliott's § 455(b)(1) claim without deciding whether a valid appeal waiver generally bars such claims.

[2] Section 455(b)(1) also requires a judge to recuse himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding," but Elliott does not claim that the sentencing judge had any such knowledge.

540, 555 (1994)), "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible," *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (internal quotation marks omitted). Likewise, judicial "expressions of impatience, dissatisfaction, annoyance, and even anger . . . are generally insufficient to support a recusal motion." *Belue*, 640 F.3d at 573 (internal quotation marks omitted). "If it were otherwise—if strong views on a matter were disqualifying—then a judge would hardly have the freedom to be a judge." *Id.*; *see also id.* at 575 ("[T]o argue that judges must desist from forming strong views about a case is to blink the reality that judicial decisions inescapably require judgment.").

We discern no plain error in the sentencing judge's failure to sua sponte recuse himself pursuant to § 455(b)(1). Although Elliott's offense conduct involved defrauding the federal contracting system and the judge mentioned he had prior experience with that system, nothing in the record reflects that he derived his opinion of Elliott from his prior, extrajudicial experience. Rather, the judge's criticism of Elliott's offense conduct and behavior was based on "facts introduced or events occurring in the course of the [sentencing] proceedings," particularly the Government's account of Elliott's fraud. *Belue*, 640 F.3d at 573 (internal quotation marks omitted). And the judge's "ordinary," albeit strongly worded, "admonishments" did not display "deep-seated and unequivocal antagonism." *Liteky*, 510 U.S. at 556.

Accordingly, we grant the Government's motion to dismiss in part and dismiss Elliott's appeal as to her challenges to the sentence and the sentencing judge's partiality under § 455(a). We deny the motion and affirm as to Elliott's remaining claim of judicial

4

bias under § 455(b)(1).   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*