## In re ROY DAY LITIGATION

### No. 95–143–MISC–J.

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 21, 1995.

### *ORDER*

JOHN H. MOORE, II, Chief Judge.

This matter is before me in my capacity as Chief Judge of the Middle District of Florida. I have considered certain recommendations included by Judge Steven D. Merryday in an order dismissing six frivolous matters instituted by Roy A. Day (Day), a persistent and bothersome litigant in this district. I approve and adopt those recommendations.

Therefore, pursuant to my administrative and supervisory authority, I order as follows:

No future action brought by Day will be initially received for filing by the Court's Clerk. Instead, any action by Day first will be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge will determine whether the complaint has arguable merit; that is, a material basis in law and fact. This preliminary review may include a hearing, including an evidentiary hearing, if necessary to determine whether the action is frivolous or otherwise abusive. If the action is arguably meritorious, the Magistrate will direct the Clerk of Court to file the complaint for a normal assignment. However, no abusive, scandalous, or otherwise impertinent complaint shall be permitted.

Any action required beyond or respecting this order that must be taken by a district judge will be taken by me until December 31, 1995. After that date, the Chief Judge will be Judge Elizabeth Kovachevich. Because she has recused herself from Day's cases, any further district judge action required in Day's cases will be handled by the district judge next senior in commission to the then-presiding Chief Judge.

Rule 11, Federal Rules of Civil Procedure, permits the Court to enter monetary or other sanctions against a party for filing or pursuing frivolous actions. Frivolous actions include both those brought for an improper purpose, such as vexation, and those without basis in either law or fact. In the event a Magistrate's preliminary review results in a finding that Day's action is frivolous, that action will not be filed with the Court but instead will be returned to Day. Upon such a finding, Day will be subject to sanction in an amount not less than $1,000.00 per case. Of course, any money judgment arising from those sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against Day to procure the seizure and sale of his personal assets to satisfy the judgment.[1]

[1.] In sum, nothing in this Order would prevent Day from filing and maintaining meritorious ac-

tions with this Court. However, further frivolous actions will be treated punitively, including possible incarceration. (Day should also be aware of Rule 35(a), Federal Rules of Civil Procedure.)