903 So.2d 886 (2005)
Roy A. DAY, Appellant
v.
STATE of Florida, Appellee.
No. SC02-2712.
Supreme Court of Florida.
February 21, 2005.

AMENDED ORDER
By order of this Court dated August 18, 2004, this case was transferred to the Second District Court of Appeal for consideration as a certiorari proceeding. Day filed a motion for rehearing with this Court challenging the transfer. In its November 1, 2004, order denying the motion for rehearing, the Court noted that the instant case was the thirty-eighth pro se case initiated by Roy A. Day in the Court since 1989. The Court further noted that it has never granted Day the relief he has requested in any of the various proceedings. See Day v. Styers, 741 So.2d 1135 (Fla. Aug.3, 1999) (No. 96149) (dismissing review proceeding for lack of jurisdiction); Day v. Day, 707 So.2d 1124 (Fla. Feb.11, 1998) (No. 92313) (same); Day v. State, 697 So.2d 1215 (Fla. July 8, 1997) (No. 90910) (same); Day v. Day, 692 So.2d 185 (Fla. Apr.4, 1997) (No. 90187) (same); Day v. State, 680 So.2d 422 (Fla. Aug.30, 1996) (No. 88822) (same); Day v. State, 675 So.2d 926 (Fla. May 17, 1996) (No. 88024) (same); Day v. State, 666 So.2d 142 (Fla. Dec.6, 1995) (No. 86917) (same); Day v. State, 664 So.2d 248 (Fla. Nov.16, 1995) (No. 86850) (same); Day v. Day, 661 So.2d 823 (Fla. Aug.25, 1995) (No. 86294) (same); Day v. State, 661 So.2d 823 (Fla. Aug.24, 1995) (No. 86293) (same); Day v. Day, 658 So.2d 990 (Fla. May 10, 1995) (No. 85613) (same); Day v. State, 659 So.2d 270 (Fla. May 2, 1995) (No. 85590) (same); Day v. Each and All Florida Public Utilities, 657 So.2d 1162 (Fla. June 21, 1995) (No. 85497) (same); Day v. State, 654 So.2d 130 (Fla. Mar.12, 1995) (No. 85365) (same); Day v. Day, 621 So.2d 431 (Fla. May 11, 1993) (No. 81749) (same); Day v. Johnson, 569 So.2d 1278 (Fla. Oct. 23, 1990) (No. 76486) (same); Day v. GAF Corp., No. 75,148 (Fla. Dec. 19, 1989) (same); Day v. Hanlon, 545 So.2d 1366 (Fla. May 22, 1989) (No. 74167) (same); see also Day v. Florida Dep't of Health, 817 So.2d 846 (Fla. Apr. 17, 2002) (No. SC01-2120) (denying petition for writ of mandamus); Day v. Florida Dep't of Health, 817 So.2d 846 (Fla. Apr. 17, 2002) (No. SC01-1739) (same); Day v. Florida Dep't of Health, 817 So.2d 846 (Fla. Apr. 17, 2002) (No. SC01-1643) (denying in part and dismissing in part petition for writ of mandamus); Day v. Styers, 817 So.2d 846 (Fla. Apr.17, *887 2002) (No. SC01-1535) (same); Day v. Fla. Dep't of Health, 805 So.2d 805 (Fla. Jan. 16, 2002) (No. SC01-1358) (declining to accept review in discretionary review proceeding); Day v. Vinson, 722 So.2d 192 (Fla. Aug.12, 1998) (No. 93,325) (dismissing case as a sanction for petitioner's failure to comply with a prior order of the Court); Day v. Rice, 689 So.2d 1068 (Fla. Feb.20, 1997) (No. 89637) (denying petition for writ of habeas corpus); Day v. State, 687 So.2d 1303 (Fla. Dec.23, 1996) (No. 89392) (same); Day v. Singletary, 678 So.2d 337 (Fla. July 8, 1996) (No. 88009) (same); Day v. Singletary, 668 So.2d 602 (Fla. Jan.23, 1996) (No. 86979) (same); Day v. Singletary, 662 So.2d 341 (Fla. Sept.20, 1995) (No. 86371) (same); Day v. Deason, 629 So.2d 132 (Fla. Oct.12, 1993) (Nos. 81991 & 82082) (dismissing cases as a sanction for noncompliance with court order); Day v. Day, 629 So.2d 132 (Fla. Oct.12, 1993) (No. 82012) (same); Day v. Deason, 623 So.2d 493 (Fla. June 3, 1993) (No. 81472) (same); Day v. Deason, 614 So.2d 502 (Fla. Jan.27, 1993) (Nos. 81036, 81037 & 81038) (granting appellee's motion to dismiss and dismissing appeal); Day v. Beard, 613 So.2d 2 (Fla. Jan.5, 1993) (No. 80722) (same).
Because Day has abused the processes of this Court with his numerous filings, the Court in its denial order found that a limitation on Day's ability to initiate any further pro se proceedings in this Court may be necessary in order to further the constitutional right of access of other litigants in that it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others. See In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (noting that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources"). Accordingly, in the November 1, 2004, denial order, Roy A. Day was directed to show cause why this Court should not impose a sanction upon him for his litigiousness, such as directing the Clerk of this Court to reject for filing any future pleadings, petitions, motions, documents, or other filings submitted by him unless signed by a member of The Florida Bar.
On November 4, 2004, Day responded to the Court's order. In his response, Day flaunted his disregard for this Court by making insulting and offensive statements:
It is self-evident that the November 1, 2004 show cause order issued by this "SCDUILA" (sleazy, corrupt, dishonest, unethical, illegal licensed attorney) court is a sham of the first order and issued solely for the purpose to further conceal and cover-up the illegal, corrupt, dishonest, and unethical conduct of this licensed attorney court of law .... THE PRESENT "licensed attorney" COURTS OF LAW ARE "MONEY COURTS" AND NOT "COURTS OF JUSTICE!" The aforesaid "MONEY COURTS," AND THE ASSOCIATED "KING AND QUEEN-PRIVILEGE CLASS""licensed attorneys," are being protected by "MYRMIDONS," specifically, the "lackey, obsequious, toady, servile" ("L-O-T-S") bailiffs, U.S. Marshals, and other law enforcement "spineless cowards-peer pressure-government employees" (the aforesaid "spineless cowards-peer pressure-government employees" make one dollar an hour, and the licensed attorneys make $300 an hour-speaking of being idiots, stupid, morons, and the list goes on and on and on), specifically, the aforesaid "L-O-T-S" attack the poor citizens using "licensed attorney law" but will not attack the KING AND QUEEN-PRIVILEGE CLASS"licensed attorneys," who make $300 an hour. IT IS AN "ECONOMIC WAR" and "licensed attorneys," and their co-conspirators, MUST

*888 BE STOPPED BY ALL MEANS AND COST AVAILABLE!"
Further, although the purpose of Day's response should have been to persuade the Court that he should not be sanctioned, he even went so far as to launch personal attacks upon members of the Court.
The Court will not allow its judicial processes to be misused by Day to malign and insult those persons and institutions which have been unfortunate enough to come in contact with him. Further, this is not the first time Day has filed scandalous pleadings with the Court. This Court has the authority and the duty to prevent the misuse and abuse of the judicial system. It is clear that Day is an abusive litigant, and he is unable to maintain the bare minimum standard of decorum and respect for the judicial system that all litigants must have when filing court pleadings and seeking court rulings. Therefore, the Court has determined that Day should be barred from filing any further pro se pleadings with the Court. While the Court is cognizant of the access to courts implications of refusing to accept any more filings from Day unless they are signed by an attorney, the Court is concerned that failure to impose this sanction will handicap the Court's ability to timely review the many other petitions filed by inmates and other petitioners who have not abused the system.
Accordingly, in order to preserve the dignity of the judicial system, and to prevent the waste of precious judicial resources, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents, or other filings submitted by Roy A. Day unless signed by a member of The Florida Bar.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.