**ALD-073, ALD-074, ALD-075**
**ALD-076 & ALD-077**
**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3548
_____

ROY A. DAY,

Appellant

v.

DANIEL TONER; DONNA H. NEWTON;
PASCO COUNTY SHERIFFS DEPARTMENT
_____

No. 13-3549
_____

ROY A. DAY,

Appellant

v.

DEBRA ROBERTS; CHRIS SPROWLS; LYNDA BARACK;
SABRINA FARIDES; ELAINE HORNE; LAURIE NOURSE;
STANLEY R. MILLS; ELIZABETH KOVACHEVICH;
SUSAN H. BLACK; J.L. EDMONDSON

_____

No. 13-3559
_____

ROY A. DAY,

Appellant

v.

DANIEL DISKEY; BRIAN AUNGST, JR.; MARY FLANERTY

_____

No. 13-3560
_____

ROY A. DAY,

Appellant

v.

WAL-MART STORES INC.; JAMES SCHRODER

_____

No. 13-3561
_____

ROY A. DAY,

Appellant

v.

SHERIFF BOB WHITE; PASCO COUNTY SHERIFF'S DEPARTMENT;
MAJOR BRIAN HEAD

2

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Nos. 1:12-cv-01715; 1:12-cv-01716; 1:12-cv-01717;
1:12-cv-01718; 1:12-cv-01719)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 5, 2013

Before: RENDELL, FISHER AND GREENAWAY, JR., Circuit Judges

(Opinion filed: January 10, 2014)
_____

O P I N I O N
_____

PER CURIAM

Pro se Appellant Roy A. Day appeals a District Court order enjoining him from

filing, without prior authorization, any future complaint, lawsuit, or petition for writ of

mandamus in an effort to avoid the sanctions imposed upon him by the United States

District Court for the Middle District of Florida, or related to his 2009 conviction in the

Circuit Court of the Sixth Judicial Circuit in Pasco County, Florida, for criminal

misdemeanor stalking.  For the reasons that follow, we will summarily affirm the District

Court's order.[1]

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the District Court's
issuance of filing injunctions for abuse of discretion. In re Packer Ave. Assocs., 884 F.2d
745, 746-47 (3d Cir. 1989).  We may summarily affirm if the appeal does not present a
substantial question, and may do so on any basis supported by the record. Murray v.
Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

3

Day has a history of vexatious and abusive litigation. See, e.g., In re Roy Day Litig., 976 F. Supp. 1455 (M.D. Fla. 1995). Most recently, we affirmed the dismissal of five lawsuits that Day had filed in the United States District Court for the District of Delaware in an apparent attempt to avoid sanctions imposed against him by the Middle District of Florida. See Day v. Toner, Nos. 13–2123, 13–2124, 13–2125, 13–2126, 13–2127, 2013 WL 3481819 (3d Cir. July 9, 2013).[2] We affirmed the dismissal of one complaint as time-barred, id. at * 2, and four on the basis of maliciousness because they were identical to the lawsuits that the Middle District of Florida previously found to be frivolous. Id. at * 1.[3]

After dismissing the five complaints, the District of Delaware ordered Day to show cause why he should not be enjoined from filing any future complaint, lawsuit, or petition for writ of mandamus in an effort to avoid the sanctions imposed upon him by the Middle District of Florida, or related to his 2009 conviction for criminal misdemeanor stalking. See Day v. Toner, Nos. 12–1715–LPS, 12–1716–LPS, 12–1717–LPS, 12–1718–LPS, 12–1719–LPS, 2013 WL 1455449, at *5 (D. Del. Apr. 8, 2013). After Day responded, the District Court issued an injunction precluding Day's filings without prior

---

[2]The Middle District of Florida previously imposed a $4,000 fine against Day for frivolous filings. See In re Roy Day Litig., No. 95-143, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011).

[3] These lawsuits arose from Day's 2009 conviction for criminal misdemeanor stalking. We also affirmed the dismissal of two additional complaints Day had filed in the District of Delaware related to his 2009 conviction for criminal misdemeanor stalking. See Day v. Ibison, No. 13–2121, 2013 WL 3722329 (3d Cir. July 17, 2013); Day v. Florida, No. 13–2122, 2013 WL 3722330 (3d Cir. July 17, 2013).

4

authorization of the Court. See Dist. Ct. Ord., <u>Day v. Toner,</u> No. 12-1715-LPS (D. Del. July 26, 2013), ECF No. 31. [4] This appeal followed.

A pre-filing injunction is an exception to the general rule of free access to the courts, and its use against a pro se plaintiff must be approached with caution. See <u>In re Oliver</u>, 682 F.2d 443, 445 (3d Cir. 1982). However, a District Court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case. <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038 (3d Cir. 1993).

The District Court's injunction was warranted in this case and complied with the requirements as set forth in <u>Brow</u>. Day has continually abused the judicial process and was provided notice of the potential injunction and given an opportunity to respond. The scope of the injunction is limited to non-prescreened filings against the defendants Day named in his seven previously filed lawsuits in the District of Delaware. It is further limited to filings that are in an effort to avoid the sanctions imposed upon him by the Middle District of Florida, or related to his 2009 conviction for criminal misdemeanor stalking. Accordingly, the injunction is narrowly tailored to fit the circumstances of this case, and the District Court did not abuse its discretion. See <u>Abdul-Akbar v. Watson</u>, 901 F.2d 329, 332 (3d Cir. 1990) (allowing the district courts to issue an injunction that

---

[4] The order specifies that Day may not bring actions against the parties he named as defendants in the seven previous lawsuits he filed in the District of Delaware and lists each party individually.

5

requires a litigant to obtain approval before making further filings) (citation omitted); Chipps v. United States Dist. Ct. for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (limiting scope of injunction to a specific case, when the vexatious litigant's abuse was confined to that case).

Finally, we acknowledge that Day has filed a stream of documents in this Court. To the extent that he requests relief beyond what is provided for in this opinion, we deny each of his requests. We note specifically that we deny his motion to disqualify the Judges of this Court because Day is not entitled to disqualification merely because he disagrees with this Court's prior legal rulings. See, e.g., Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000). We also deny his motions to consolidate and for transfer of venue to the Ninth Circuit.

For the foregoing reasons, no substantial question is presented, and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Each of his pending motions and requests is denied.