BLD-151                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2996
_____

ROY A. DAY,
                                              Appellant
v.

WILLIAM (BILL) LOUCKS; ANTHONY J. DESANTIS;
21ST CENTURY INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-15-cv-00541)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2016

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: March 4, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Roy Day appeals the District Court's order dismissing his complaint as barred by an order enjoining him from filing a complaint without prior Court authorization. Because Day has no arguable legal basis on which to appeal the District Court's judgment, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Day "has a history of vexatious and abusive litigation." Day v. Toner, 549 F. App'x 66, 67 (3d Cir. 2014). This led the United States District Court for the Middle District of Florida to impose sanctions of $4,000 and enjoin Day from filing any lawsuits until he paid those sanctions. In re Roy Day Litig., No. 95-143-MISC-J, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011).

Rather than paying that sanction, Day, a resident of Florida, began to file actions in the District of Delaware. Among other suits, he filed a complaint against 21st Century Centennial Insurance Company and one of its executives, alleging that they had violated his rights in handling a claim concerning a 2010 car accident. See D. Del. Civ. A. No. 12-cv-1096. The District Court concluded that it would be more convenient for the parties to litigate the action in the Middle District of Florida and transferred the case to that Court. See 28 U.S.C. § 1404(a). The Middle District of Florida then dismissed the complaint because Day had not paid the $4,000 necessary to lift the filing injunction. See M.D. Fla. Civ. A. No. 14-cv-2048.

Day continued to file complaints in the District of Delaware. Eventually, the Court issued its own filing injunction, barring Day from filing, without Court approval,

any action in that Court "in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida." D. Del. Civ. A. No. 12-cv-1715. Day appealed that order to this Court, and we affirmed. See Day, 549 F. App'x at 67.

Nevertheless, without seeking preauthorization, Day then filed another complaint in the District of Delaware that again alleged that 21st Century and its executives had mishandled his insurance claim. The District Court dismissed the complaint, concluding that it contained "precisely the type of allegations that Day has been enjoined from bringing without first seeking leave." D.C. Op. at 3. Day filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We review an order dismissing a case for failing to comply with a court order for abuse of discretion, see Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); In re Fillbach, 223 F.3d 1089, 1090 (9th Cir. 2000), and we grant "great deference . . . to a district court's interpretation of its own order," WRS, Inc. v. Plaza Entm't, Inc., 402 F.3d 424, 428 (3d Cir. 2005).

We have previously upheld the validity of the District Court's filing injunction. The complaint that Day filed in this case falls squarely within the terms of that injunction: Day refiled in the District of Delaware a complaint that the Middle District of Florida had dismissed due to Day's failure to pay the sanction. Thus, the District Court did not err in concluding that Day had filed the complaint in the District of Delaware "in an effort to avoid the sanctions imposed upon him by the United States District Court for

3

the Middle District of Florida," and that, since Day had not obtained preapproval, the complaint was consequently barred by the filing injunction.[1]

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Further, in light of this ruling, the District Court did not err in denying Day's other motions.