CLD-407                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2815
_____

ROY A. DAY,
                                        Appellant

v.

WILLIAM (BILL) LOUCKS; ANTHONY J. DESANTIS;
21ST CENTURY CENTENNIAL INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-16-cv-00200)
District Judge:  Honorable Leonard P. Stark

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 9, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed September 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Roy A. Day appeals from the District Court's order dismissing his complaint pursuant to that court's filing injunction. We will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

As we have had occasion to observe no fewer than five times, Day "'has a history of vexatious and abusive litigation.'" Day v. Loucks, 636 F. App'x 830, 830 (3d Cir. 2016) (quoting Day v. Toner, 549 F. App'x 66, 67 (3d Cir. 2014)). This history led the United States District Court for the Middle District of Florida to impose sanctions of $4,000 and to enjoin Day from filing any further suits in that court unless he pays the sanction. See In re Roy Day Litig., No. 95-143-MISC-J, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011).

Rather than pay the sanction, Day (a Florida resident) began filing lawsuits in the District of Delaware. One such suit was a complaint against his car insurance company and related individuals over a 2010 automobile accident in Florida. The Delaware District Court transferred that action to the Middle District of Florida, which dismissed it for Day's failure to satisfy the $4,000 sanction. Day continued to file suits in the District of Delaware, and his filings there ultimately led that court to impose a filing injunction of its own, which we affirmed. See Day, 549 F. App'x at 67. The injunction prohibits Day from filing certain actions, including actions filed in an effort to avoid the Middle District of Florida's sanctions order, without obtaining leave of court. See id.

2

Day nevertheless filed another complaint regarding the 2010 car accident without obtaining leave of court. The District Court dismissed the complaint pursuant to its filing injunction, and we dismissed Day's appeal from that ruling as frivolous. See Day, 636 F. App'x at 831. We denied rehearing en banc in that matter on March 23, 2016. (C.A. No. 15-2996.)

Six days later, Day filed with the District Court the complaint at issue here. This complaint again concerns the 2010 automobile accident, and it is virtually identical to his previous complaint. Day again filed it without obtaining leave of court, so the District Court again dismissed it pursuant to the filing injunction. Day now appeals.

We will dismiss this appeal as frivolous for the reasons that we previously explained, which require no further elaboration. There is one point that does. Other courts' filing injunctions and this Court's previous admonitions obviously have not deterred Day from pursuing his vexatious and abusive campaign of litigation. To the contrary, Day asserts on appeal that, if we rule against him, "then Appellant will file the complaint again, and again, and again[.]" (Appellant's Supp. Pleading at 2.)

Thus, Day is now cautioned that, if he files any further appeals or other proceedings with this Court concerning the 2010 automobile accident, or any further frivolous appeals or other proceedings of any other kind, then we will impose sanctions of our own. Such sanctions may include a substantial monetary penalty and an order enjoining Day from further filings unless and until he satisfies that penalty.

3

For these reasons, we will dismiss this appeal as frivolous.