**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ROY A. DAY, )
)
        Plaintiff, )
)   C.A. No.: N16C-10-088 EMD
        v. )
)
WILLIAM LOUCKS, et al., )
)
        Defendants. )
)

**MEMORANDUM OPINION DISMISSING THIS
CIVIL ACTION WITHOUT PREJUDICE**

**INTRODUCTION AND BACKGROUND**

This is a civil action brought by Plaintiff Roy A. Day.  Mr. Day contends that Defendants William Loucks, Anthony J. DeSantis, and 21st Century Centennial Insurance Company ("21st Century") breached a contract between Mr. Day and the Defendants.  Mr. Day also asserts various tort claims.  Mr. Day seeks over $125,000,000 in compensatory damages and $1,000,000,000 in punitive damages.  The contract dispute purports to arise out of the claims handling process between 21st Century and Mr. Day over damages to a 2010 Hyundai Accent and a 2015 Chevrolet Spark.

Mr. Day filed the Complaint in this civil action on October 13, 2016.  On October 31, 2016, Mr. Day filed an Amended Complaint.  According to the docket in this civil action, the Sheriff for New Castle County filed a notice of service of the Complaint on 21st Century on December 28, 2016.  The docket also reflects that Mr. Loucks and Mr. DeSantis have not been served with either the Complaint or the Amended Complaint.  Mr. Day does not appear to have properly served 21st Century with a copy of the Amended Complaint.  21st Century moved to

dismiss the Complaint (the "Motion to Dismiss") on February 1, 2017. Mr. Day responded (the "Response") to the Motion to Dismiss on May 4, 2017.

Through the Motion to Dismiss, 21st Century makes two basic arguments for dismissal. First, 21st Century contends that the Court should dismiss the Complaint because Mr. Day has been enjoined from filing any such complaint by Federal and state courts in Delaware and Florida. Second, 21st Century claims, under Civil Rule 12(b)(6) and 10 *Del. C.* § 8803, that the Complaint fails to state a claim upon which relief can be granted.

Mr. Day opposes the relief sought in the Motion to Dismiss. Mr. Day argues that the Court does not have "competent jurisdiction" over the Motion to Dismiss because that motion seeks dismissal of the Complaint, but the Amended Complaint is the controlling pleading. Mr. Day contends that the Court is the correct venue of this civil action as he believes that 21st Century, Mr. Loucks and Mr. DeSantis all reside in Delaware. Mr. Day next addresses 21st Century's Civil Rule 12(b)(6) arguments, claiming that he has stated causes of action upon which relief can be granted. Finally, Mr. Day argues that he has not been enjoined from filing legal actions in "forty-eight contiguous States, and the two non-contiguous State and Federal Court." Mr. Day also seeks sanctions against 21st Century with those sanctions as follows: $10,000 to the Delaware Environmental Protection Agency (because of the use of "dead-tree" paper); $10,000 to the Prothonotary (because Defendants have made this civil action more litigious); and $10,000 to the New Castle County Sheriff's Office for service of process issues.

## PREVIOUS LITIGATIONS OVER SAME OR SIMILAR ALLEGATIONS

After receiving the Motion to Dismiss, the Court proceeded to review the various lawsuits involving both Mr. Day and 21st Century, including those cases appellate history. Specifically, the Court reviewed the following civil actions: *Roy Day v. Loucks*, et al., Civ. No.

2

15-541—LPS (D. Del.); *Roy Day v. 21st Century Centennial Insurance Company*, Civ. No. 12-1096—LPS (D. Del); *Day v. 21st Century Centennial Insurance Company*, Civ. No. 8:13-2048-T-36AEP (M.D. Fla.).[1]  For purposes of this decision, these cases will be referred to as the *Day v. Loucks* action and the *Day v. 21st Century* action.

The Court arrived at important conclusions from reviewing these cases.  First, Mr. Day has unsuccessfully sought relief on claims substantially similar to the claims asserted in the Complaint and the Amended Complaint in the United States District Court for the District of Delaware (the "Delaware District Court") and the United States District Court for the District of Florida (the "Florida District Court").  There are differences—*e.g.*, the claim relating to the 2015 Chevrolet Spark—but, overall, the Complaint and Amended Complaint are substantially similar to the claims made in the *Day v. Loucks* action and the *Day v. 21st Century* action.  Second, Mr. Day is subject to orders imposing litigation injunctions and procedures regarding the filing of claims that arise out of the facts plead in the Complaint and the Amended Complaint.  In order to proceed on the types of claims raised in the Complaint and the Amended Complaint (at least in Federal Court), Mr. Day must provide proof and documentation that Mr. Day had paid the monetary sanctions imposed upon him under *In re Day*, Case No. 95-mc-143 (M.D. Fla.).[2]

---

[1] *See Day v. Loucks*, 636 Fed. Appx. 830 (3rd Cir. 2016); *Day v. 21st Century Centennial Ins. Co.*, No. 14-14999-E (11th Cir. Jan. 28, 2015) (a copy of which is attached as an exhibit to the Motion to Dismiss); *Day v. Toner*, 549 Fed. Appx 66 (3rd Cir. 2014); *Day v. Loucks*, Civ. No. 15-541—LPS, 2016 WL 3129618 (D. Del. June 1, 2016); *Day v. Loucks*, Civ. No. 15-541—LPS, 2015 WL 12868205 (D. Del. Aug. 6, 2015); *Day v. 21st Century Centennial Ins. Co.*, Civ. No. 8:14-2048-T-36AEP (M.D. Fla. Oct. 30, 2014) (a copy of which is attached as an exhibit to the Motion to Dismiss); *Day v. 21st Century Centennial Ins. Co.*, Civ. No. 12—1096—LPS, 2014 WL 3909533 (D. Del. Aug. 11, 2014); *Day v. 21st Century Centennial Ins. Co.*, Civ. No. 12—1096—LPS, 2014 WL 1125418 (D. Del. Mar. 17, 2014).

[2] *See Day v. Loucks*, 636 Fed. Appx. at 830-31; *Day v. Loucks*, Civ. No. 15-541—LPS, 2015 WL 12868205, at *2.

Third, Mr. Day continues to file complaints in various courts, including this Court, in an effort to avoid the conditions and sanctions imposed upon him by the Florida District Court.[3]

## DISCUSSION

Delaware courts recognize the principle of comity. The Court may follow the doctrine of comity, which applies when two courts have "concurrent jurisdiction over the same matter."[4] The doctrine is not a legal rule but "an expression of one state's entirely voluntary decision to defer to the policy of another, especially in the face of a strong assertion of interest by the other jurisdiction."[5] A court may use its discretion to stay or dismiss a matter if the same matter is pending in a different court because a court "should not assume to disturb another court's disposition of a controversy unless there are good reasons for doing so."[6]

The Delaware Supreme Court recently applied the doctrine of comity in two related cases, *First Health Settlement Class v. Chartis Specialty Insurance Company* and *Corvel Corporation v. Homeland Insurance Company of New York*.[7] *First Health* depended on whether the Delaware Supreme Court should defer to an interpretation of a Louisiana statute by the Louisiana Court of Appeals from collateral litigation.[8] In a 3-2 decision with a dissent, the Delaware Supreme Court adopted the Louisiana court's interpretation, instead of using Delaware law.[9] Both the majority and the dissent addressed the doctrine of comity. The Court acknowledged that "[c]omity permits one state to give effect to the laws of a sister state, not out

---

[3] Two opinions have noted that Mr. Day is continuing to file actions in jurisdictions other than Florida in order to avoid the sanctions imposed by the Florida District Court. *Day v. Loucks*, 636 Fed. Appx. at 831; *Day v. Loucks*, Civ. No. 15-541—LPS, 2015 WL 12868205, at *2

[4] 16 AM. JUR. 2D *Conflict of Laws* § 11 (2015).

[5] *Id.* (internal footnotes omitted).

[6] *Id.*

[7] *Corvel Corp. v. Homeland Ins. Co. of N.Y.*, 2015 WL 1021459 (Del. Mar. 6, 2015); *First Health Settlement Class v. Chartis Specialty Ins. Co.*, 2015 WL 1021443 (Del. Mar. 6, 2015).

[8] *First Health*, 2015 WL 1021443, at *3-6.

[9] *Id.* at *4-5.

4

of obligation, but out of respect and deference."[10]  The dissent agreed that comity is important and that courts should try to avoid conflicting rulings.[11]  The dissent disagreed with the majority because the Louisiana court should have shown comity to Delaware courts[12] and because following what the Louisiana court decided would be "demonstrably unfair" to the parties.[13]  The *Corvel* decision is nearly identical to the *First Health* decision.[14]

The Court is dismissing this civil action without prejudice under the principle of comity. The Delaware District Court and the Florida District Court have strongly asserted an interest in Mr. Day's conduct in vexatious litigation, especially against 21st Century, Mr. Loucks, and Mr. DeSantis.  The Court understands that this is not a situation where it is deferring to the state law of another jurisdiction.  Moreover, the Court is not adopting the entire litigation injunction imposed in the Federal Courts.  The Court is instead giving effect to the procedures implemented by the Delaware District Court and the Florida District Court, not out of obligation, but out of respect and deference.  The Court cannot allow Mr. Day to avoid the procedures implemented in Federal Court by merely bringing the same claim here that he could not pursue in *Roy Day v. Loucks*, et al., Civ. No. 15-541—LPS (D. Del.); *Roy Day v. 21st Century Centennial Insurance Company*, Civ. No. 12-1096—LPS (D. Del); and *Day v. 21st Century Centennial Insurance Company*, Civ. No. 8:13-2048-T-36AEP (M.D. Fla.).

The Court's decision does not leave Mr. Day without a right or a remedy.  Mr. Day can bring his suit—here, in the Delaware District Court or in the Florida District Court—if he follows the instructions provided to him by Chief District Court Judge Stark: when filing the

---

[10] *Id.* at *4.
[11] *Id.* at *6.
[12] "Had the Louisiana trial court itself showed comity by staying its hand after the Delaware Superior Court made the first ruling in the coverage issue and letting this case run its course to finality, the conflict the Majority Opinion is trying to avoid would not have arisen in the first instance." *Id.* at *12.
[13] *Id.*
[14] *Corvel*, 2015 WL 1021459.

action, provide proof and documentation that Mr. Day paid the monetary sanctions imposed upon him pursuant to *In re Day*, Case No. 95-mc-143 (M.D. Fla.). The Court cannot, however, let this civil action proceed here when it is clear that Mr. Day is trying to avoid the rulings of other courts of competent jurisdictions whose decisions were upheld on appeal.

## CONCLUSION

The Court is **DISMISSING WITHOUT PREJUDICE** this civil action. Mr. Day can reinstitute this civil action by providing proof and documentation that Mr. Day paid the monetary sanctions imposed upon him pursuant to *In re Day*, Case No. 95-mc-143 (M.D. Fla.).

The Prothonotary is directed to provide any new complaints filed by Roy Day to this judicial officer so that the Court can review whether Mr. Day is in compliance with the dictates of this Memorandum Opinion.

Dated: July 28, 2017
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     The Prothonotary
        Roy A. Day
        Tracy A. Burleigh, Esq.

6