IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROY A. DAY, | § | |
| | § | No. 322, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N16C-10-088 |
| WILLIAM (BILL) LOUCKS, | § | |
| ANTHONY J. DESANTIS, and 21st | § | |
| CENTURY CENTENNIAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: January 12, 2018
Decided: February 28, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

This 28th day of February, 2018, upon consideration of the parties' briefs and record below, it appears to the Court that:

(1) The appellant, Roy A. Day, filed this appeal from a Superior Court opinion dismissing his complaint without prejudice.[1] After careful review of the parties' briefs and the record on appeal, we conclude that the Superior Court did not err in dismissing the complaint. We therefore affirm the judgment of the Superior Court.

---

[1] *Day v. Loucks*, 2017 WL 3225921 (Del. Super. Ct. July 28, 2017).

(2)     This action arises from disputes over the claims handling process for two car accidents in Florida.[2]  Day, a Florida resident, alleged that he entered into a contract for car insurance with 21st Century Centennial Insurance Company ("21st Century").  The first accident occurred on June 23, 2012 when an uninsured driver rear-ended Day's 2010 Hyundai Accent.  21st Century declared the Hyundai Accent a total loss and offered to pay Day $10,723.33.

(3)     In July and August 2012, Day sent letters to Anthony J. DeSantis, President and Chief Executive Officer of 21st Century, rejecting 21st Century's offer and making counteroffers.  In a letter dated August 13, 2012, Day stated that if $12,000 was not deposited into his account by August 13, 2012, then DeSantis agreed to a daily sanction of $500,000, compensatory damages of $5 million, pain and suffering damages of $20 million, and punitive damages of $100 million were appropriate.  According to Day, DeSantis' failure to reject the August 13, 2012 letter meant that it became a binding and enforceable contract, which the defendants breached.  Day also asserted negligence, fraud, and emotional distress claims based on how his insurance claim for the Hyundai Accent was investigated and processed.

(4)     In June and November 2015, Day sent letters to William Loucks, the Chief Operating Officer of 21st Century, expressing his belief that $5 million in

---

[2] The facts stated in this Order are drawn from the allegations of the complaint and are assumed to be true only for purposes of this appeal from a motion to dismiss.  *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del. 2001).

compensatory damages, $20 million in pain and suffering damages, and $100 million in punitive damages was fair. Day contended that Loucks' negligent failure to reject the letters in writing meant that the letters became binding contracts, which Loucks breached. Day sought more than $1 billion in damages for Loucks' breach of contract and negligence.

(5) The second accident occurred on April 29, 2016 when Day's 2015 GM Chevrolet Spark was struck in a parking lot. According to Day, his contract with 21st Century did not state that direct billing was limited to Enterprise Car Rental Company. Day was denied a rental from Enterprise Car Rental Company so he had to rent a car from another company without direct billing to 21st Century. Day asserted breach of contract, fraud, and emotional distress claims based on the lack of direct billing. He sought $500,000 in compensatory damages and $500,000 in emotional distress damages.

(6) Day filed his complaint in the Superior Court on October 13, 2016. Day filed an amended complaint on November 1, 2016. The amended complaint appeared identical to the original complaint, except that there was a cover page stating that all specific damage amounts in the complaint should be replaced with $74,000.00. 21st Century was served on December 28, 2016. It appears that 21st Century was served with the original complaint, but not the amended complaint. There is no indication that DeSantis or Loucks were ever served.

3

(7) On February 1, 2017, 21st Century filed a motion to dismiss. 21st Century argued that the Superior Court should dismiss the complaint because: (i) other courts, including state and federal courts in Florida and the United States District Court for the District of Delaware, had enjoined Day from filing lawsuits due to his abusive litigation practices; (ii) the complaint was factually frivolous, malicious, and legally frivolous and therefore subject to dismissal under 10 *Del. C.* § 8803(c); and (iii) the complaint failed to state a claim under Superior Court Civil Rule 12(b)(6). Day opposed the motion to dismiss.

(8) On July 28, 2017, the Superior Court dismissed Day's action without prejudice. First, the Superior Court concluded that Day had asserted substantially similar claims against the defendants in the United States District Court for the District of Delaware ("Delaware District Court") and the United States District Court for the Middle District of Florida ("Florida District Court").[3] Second, the Superior Court concluded that Day was subject to litigation injunctions and other filing procedures for claims arising from the facts pled in the complaint and amended complaint.[4] To proceed on the claims in the complaint and amended complaint in the Delaware District Court, Day was required to provide proof and documentation

---

[3] *Day*, 2017 WL 3225921, at *2.
[4] *Id.*

that he had paid the monetary sanctions imposed upon him by the Florida District Court.[5]

(9)     Based on the doctrine of comity, the Superior Court held Day could not avoid the procedures implemented in the federal courts by filing substantially similar claims in the Superior Court.[6]  The Superior Court therefore dismissed Day's action without prejudice, but held Day could reinstate his action if he provided proof and documentation that he paid the monetary sanctions imposed by the Florida District Court.[7]  The Superior Court judge also that held any new complaints filed by Day should be referred to him so he could determine whether Day had complied with the opinion.[8]  This appeal followed.

(10)     We review the Superior Court's dismissal of the complaint *de novo*.[9] On appeal, Day argues that the appellees are using fraudulent sanctions to avoid paying him under an enforceable insurance contract, fraudulent sanctions are unrelated to comity, and the venue and jurisdiction were proper for all of the complaints he filed, including the Superior Court complaint.  Having carefully reviewed the parties' briefs and the record on appeal, we conclude that the Superior Court did not err in dismissing Day's complaint without prejudice.

---

[5] *Id.* (citing *Day v. Loucks*, 636 Fed. Appx 830 (3d Cir. Mar. 4, 2016) and *Day v. Loucks*, 2015 WL 12868205 (D. Del. Aug. 6, 2015)).

[6] *Id.* at *3.

[7] *Id.*

[8] *Id.*

[9] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

(11)   Under the doctrine of comity, "the courts of one state or jurisdiction give effect to the laws and judicial decisions of another, not as a matter of obligation but out of deference and respect."[10]   As the Superior Court recognized, Day has already pursued substantially similar claims against some or all of the appellees in the federal courts of Delaware and Florida.[11]   Those claims were dismissed after Day failed to comply with the procedures imposed by the federal courts in response to his vexatious litigation habits.[12]   In 1995, the Florida District Court imposed sanctions of not less than $1,000 for each frivolous case that Day filed.[13]   In 1998, the Florida District Court held that it would not accept any filings from Day until he paid $4,000 in sanctions for past frivolous complaints.[14]   In 2013, the Delaware District Court enjoined Day from filing, without previous authorization, any

---

[10] 16 Am. Jur.2d Conflict of Laws § 11 (2018). *See also Columbia Cas. Co. v. Playtex FP, Inc.*, 584 A.2d 1214, 1218 (Del. 1991) ("Comity permits one state to give effect to the laws of a sister state, not out of obligation, but out of respect and deference.") (citing 16 Am. Jur.2d Conflict of Laws § 10).

[11] *See, e.g.*, *Day v. Loucks*, 2016 WL 3129618, at *1-2 (D. Del. June 1, 2016) (dismissing complaint Day filed against 21st Century, Loucks, and DeSantis based on the June 23, 2012 car accident), *aff'd*, 668 Fed. Appx. 425 (3d Cir. Sept. 20, 2016); *Day v. Loucks*, 2015 WL 12868205, at *2 (D. Del. Aug. 6, 2015) (same), *aff'd*, 636 Fed. Appx. 830 (3d Cir. Mar. 4, 2016); *Day v. 21st Century Centennial Ins. Co.*, No. 8:14-cv-2048-T-36AEP, Order at 4 (M.D. Fla. Oct. 30, 2014) (dismissing Day's action against 21st Century and DeSantis for claims arising from a June 23, 2010 car accident that was transferred from the Delaware District Court until Day paid the sanctions previously imposed by the Florida District Court); *Day v. 21st Century Centennial Ins. Co.*, 2014 WL 3909533, at *3 (D. Del. Aug. 11, 2014) (transferring Day's action against 21st Century and DeSantis for claims arising from a June 23, 2010 car accident in Florida to the Florida District Court).

[12] *See supra* n.11.

[13] *In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995).

[14] *In re Roy Day Litig.*, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011) (describing Day's litigation history and the imposition of $4,000 in sanctions).

complaint in an effort to avoid the Florida sanctions or relating to a 2009 stalking case filed against him in Florida state court.[15]

(12) Day derides the sanctions imposed by the Florida District Court as fraudulent, but offers no particularized allegations to support this claim. It is plain that Day filed this repetitive action in the Superior Court to avoid the procedures implemented in the Delaware and Florida federal courts. Principles of comity disfavor allowing Day to avoid those procedures by filing his repetitive claims in the Superior Court. The Superior Court did not err therefore in dismissing Day's complaint without prejudice and allowing him to reinstitute his complaint if he provided proof and documentation that he paid the sanctions imposed in the Middle District of Florida.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[15] *Day v. Toner*, 2013 WL 3939656, at *2 (D. Del. July 26, 2013), *aff'd*, 549 Fed. Appx. 66 (3d Cir. Jan. 10, 2014). The United States Supreme Court and Florida Supreme Court have also instituted special filing procedures for Day. *Day v. Day*, 510 U.S. 1, 2 (1993) (finding Day had abused the certiorari process and directing the court clerk not to accept any further petitions for certiorari in non-criminal matters unless Day paid the docketing fee and filed petitions in the appropriate format); *Day v. State*, 903 So.2d 886, 887 (Fla. 2005) (finding Day was an abusive litigant and instructing the court clerk to reject any future filings submitted by Day unless signed by a member of the Florida bar).